No. 733

First Circuit

BROUSSARD v. TECHE TRANSFER CO.

(January 26, 1931. Opinion and Decree.)

J. E. Kibbe, of Abbeville, attorney for plaintiff, appellee.

Burke & Smith, of New Iberia, attorneys for defendant, appellant.

MOUTON, J. Plaintiff, Broussard, was driving a Cadillac car from New Iberia, westward, towards Abbeville, while defendant company was having a bus towed towards New Iberia, eastward, in the opposite direction.

J. W. Trahan was driving the front bus, and Paurature was the chauffeur in the rear bus. They were the only two occupants of the two busses.

In the Cadillac were plaintiff, the driver, with Langlinais on the front seat. In the rear were seated Mrs. Lormand and her daughter, Miss Lucy.

A collision occurred at night about 8:30 between the car and the rear bus or transfer, about a mile west of Delcambre, from which resulted damages to the car, for which plaintiff recovered $243.75 in damages.

Defendant appeals.

Plaintiff, Langlinais, and the two ladies say that the front transfer had lights on, which they saw distinctly as their car advanced towards the bus. Plaintiff, the driver of the car, says "that the front transfer was in the middle of the road and that he had to swerve to his right close to the ditch not to bump the front car," and that, after he passed that car, he turned to his left to resume his way on the road. He testifies that the rear car, the one being towed, had no lights on, that he did not see that bus, and collided with it as he made the turn on the highway. The other occupants of his car are all equally positive that there were no lights on the rear bus. They all got down from plaintiff's car, and saw no lights on the towed transfer after the two busses had stopped, following the accident.

J. E. Trahan came along in his car from New Iberia on his way to Abbeville imme-

diately after the collision and is also positive that the rear bus had no lights.

J. E. Trahan, it is shown, was going towards Abbeville, the same direction plaintiff had been traveling. The front of the two busses, after they had been stopped after the accident, necessarily pointed eastward, being the direction they had been moving. J. E. Trahan passed the front bus first and says its lights were burning, but testified that it is only after he had gone by the first bus that he saw the one in the rear, and that he noticed it only from the reflection of the lights of his own car, and that this rear bus had no lights on.

Nothing appears in the evidence to show that the occupants of the car were connections or relatives of the plaintiff or had any interest in the outcome of this litigation, nor that any such influence could have had any effect on the testimony of J. E. Trahan, a chance arrival at the scene.

Paurature and J. W. Trahan, the two chauffeurs of defendant company, both say that the lights were on the rear or towed bus before the collision, at the time of its occurrence, and after. They both say they could not travel at night without lights on the rear towed car as well as on the front bus, impliedly admitting that doing so would be in violation of the rules of defendant company and the state law regulating the operation of vehicles on the highways.

Civil Code, art. 2282, says: That the fact that a witness is "in the actual service or salary of the parties, is not a sufficient cause to consider the witness as incompetent, but may, according to circumstances, diminish the extent of his credibility."

The two chauffeurs, J. W. Trahan and Paurature, were in the actual service of defendant company, and it may not be too severe to say that they might have been inclined not to admit they were driving a towed car without lights, as such a careless method would have been undoubtedly against the wishes of their employer, causing perhaps a dismissal from service, or, at least, a reprimand. Considerations of that character, and perhaps also the demeanor of the chauffeurs on the stand, might have been circumstances, which, in the opinion of the trial court "diminished the extent of their credibility," and led the court to accept the statement of tne witnesses for plaintiff, including the latter, to the effect that the rear bus had no lights on at the time. Besides, we see nothing in the testimony of plaintiff's witnesses, either in motives of interest or of any other character which could have affected their credibility. Their testimony is direct, unequivocal, harmonious, and positive on the material facts of the case, and rather convincing. The district judge evidently believed them, and there is nothing in the record that could justify us to say that he had fallen into an error in that respect. It must therefore be accepted as an established fact that there were no lights on the car the defendant company was towing. Such lights were absolutely necessary, as appears from the testimony of the two chauffeurs, and by every consideration of public safety to travelers on the highways of the state, and as required by our statutes on the subject. The defendant company was therefore guilty of gross and inexcusable negligence in not having had lights on that rear bus at the time.

It also appears from the position which the busses occupied immediately after the collision, and by the preponderance of the evidence on this point, that the front bus, and likewise the other, were traveling on the central line of the road, or, at least, at a close and dangerous proximity there-

to, when the car of the plaintiff passed the first bus before colliding with the rear transfer. The towed bus, it is shown, was tied to the other by a chain eighteen feet long by means of which it was being pulled to Iberia, its point of destination. When tied to the two busses the chain was reduced to the length of fifteen feet, according to the testimony of J. W. Trahan and Paurature. It is not unreasonable to infer that under such an arrangement that there must have been some swaying or oscillating movements in the towed transfer which kept it from moving in a straight line, and directly in the pathway of the front bus. Such fluctuating movements of the rear bus might have inclined it more than the other to pass over the central line of the roadway, and into the part of the road plaintiff was entitled to occupy, after he had passed the front transfer. If this rear bus had had its lights on, as it should have had, it cannot be doubted that plaintiff would have seen it as he passed the front bus, would have kept close to the ditch on his right side, and that he would have safely passed the second bus, as he had gone by the first on which he, and the occupants of his car, had seen the lights before the vehicles reached the crossing point on the highway.

Plaintiff had a perfect legal right to turn to his left after he had passed the front bus for the purpose of re-occupying the part of the roadway to which he was justly entitled in proceeding on his way to Abbeville. The turn he made for that purpose was not the proximate cause of the collision. Its sole proximate cause was the result of the inexcusable negligence of the two chauffeurs in thus running the towed car without lights, in the center of the road, or so near it as to be dangerous to vehicles moving on that roadway.

Counsel for defendant cites authorities Holding that, when a complainant has contributed to the proximate cause of the accident, he cannot recover damages. There is no doubt such is the rule in cases of this character, but here it is clear that, in turning to his left, plaintiff was not guilty of any negligence whatsoever, and, there being in that respect no fault on his part, it is impossible to hold that he was also responsible for contributory negligence.

The case is with the plaintiff and was properly decided in his favor with the damages allowed under the proof.